## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**GARY ALAN SIMMONS,**

    Plaintiff,

v.                                                      Case No: 5:21-cv-47-GKS-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.
_____

### REPORT AND RECOMMENDATION[1]

The Commissioner has filed an unopposed motion to remand this case for further proceedings under sentence four of 42 U.S.C. § 405(g). (Doc. 24). The Commissioner states that on remand, the Commissioner will "further evaluate the claimant's fibromyalgia pursuant to SSR 12-2p; reassess the opinion evidence from the State agency psychological consultants; reconsider the claimant's residual functional capacity; and if warranted, obtain supplemental vocational evidence."

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, following a careful review of the record and filings, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is **RECOMMENDED** that:

(1) Commissioner's unopposed motion for entry of judgment with remand (Doc. 24) be **GRANTED** and this action be **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[2] to the Commissioner for the following reasons:

   Upon remand, the Appeals Council will instruct the ALJ to obtain supplemental evidence from a vocational expert (VE), clarifying any conflicts between the testimony of the VE and the Dictionary of Occupational Titles, and articulating any such conflicts in the decision; to offer the claimant the opportunity for a hearing; to take any further action needed to complete the administrative record; and to issue a new decision.

(2) The Clerk should also be directed to enter judgment accordingly and close the file.

Recommended in Ocala, Florida on November 22, 2021.

---

[2] Remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292 (1993).

- 3 -

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy