UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GARY ALAN SIMMONS,**

    **Plaintiff,**

v.                                                                                  Case No: 5:21-cv-47-GKS-PRL

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on the unopposed motion of Plaintiff's counsel, Erik W. Berger, for authorization to charge a reasonable fee pursuant to 42 U.S.C. § 406(b) in the amount of $26,487.70. (Doc. 32). In support of the motion, Mr. Berger has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 32-3). Mr. Berger represents that the Commissioner has no objection to the requested fees.

**I.  Background**

On December 1, 2021, the Court reversed and remanded the case to the Social Security Administration for further proceedings. (Docs. 25 & 27). On March 3, 2022, the Court entered an order awarding attorney's fees to Mr. Berger under the Equal Access to Justice Act (EAJA) in the sum of $6,675.08, for time spent representing Plaintiff before this Court. (Docs. 30 & 31). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $105,950.80. (Doc. 32-3). Pursuant to the fee agreement, the attorney fee payable from Plaintiff's past-due benefits is $19,812.62. This is twenty five percent of the past due benefits—$26,487.70—minus the previously awarded EAJA fees in the amount of $6,675.08.

## II. Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.

When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht,* 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel—i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Mr. Berger has submitted a signed fee agreement in which Plaintiff

acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 32-3). Moreover, Mr. Berger submitted records showing that he spent at least 39.6 hours on this case before it was remanded, and it does not include time billable under the EAJA or spent representing Mr. Simmons at the administrative level. (Doc. 32-2).

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Mr. Berger's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 32) is due to be GRANTED. Section 406(b) fees are approved for Mr. Berger in the sum of $19,812.62.

**DONE** and **ORDERED** in Ocala, Florida on December 21, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties